BENNETT v. THE COUNCIL BLUFFS INS. CO.

1. **Fire Insurance**: PRIOR INSURANCE: COMPANY BOUND BY KNOWLEDGE OF AGENT'S CLERK. Where an agent of an insurance company had authority to solicit risks and issue policies, and he sent his clerk to solicit a risk and take an application, and the clerk knew that there was other insurance on the property, but the agent, ignorant of the other insurance, issued a policy thereon, and collected the premium, *held* that the company was bound by the knowledge of the agent's clerk, who for the purpose of that policy must be regarded as the company's soliciting agent, (See chap. 211, § 1, Laws of 1880,) and that it could not defeat an action on the policy on the ground of the prior insurance, which, under the terms of the policy, would otherwise have rendered it void.

2. ———: ———: FRAUD: CLAIMING WHOLE LOSS OF TWO COMPANIES. Where one has insurance in two companies, but there is a doubt about his ability to recover from either, he may claim the full amount of the loss from each, without being guilty of an attempt at fraud, which would, by the terms of one of the policies, prevent a recovery thereon.

*Appeal from Dubuque Circuit Court.*

THURSDAY, MARCH 3.

ACTION on a policy of insurance against loss or damage by fire. The defenses relied on are sufficiently stated in the

opinion. Trial by jury, judgment for the plaintiff, and the defendant appeals.

*Sapp & Pusey* and *Henderson, Hurd & Daniels*, for appellant.

*Utt Bros.*, for appellee.

SEEVERS, J.—The defendant pleaded that there was other insurance on the property destroyed, of which the defendant did not have notice, and that this fact rendered the policy void. The fact that there was such insurance is conceded. The facts are that George Salot was the defendant's agent, and that he had the authority to issue policies, and enter into contracts of insurance. Salot had in his employ a clerk who was boarding with the plaintiff. This clerk was directed by Salot to solicit the plaintiff to insure her property in the defendant's company, and, if she did so, the clerk was to have the commission to apply on his board. The clerk procured the plaintiff to sign an application, which was delivered to Salot, and he issued the policy. The application was not sent to the defendant, and at the trial it could not be found. The foregoing facts are not controverted. As the plaintiff claims, at the time or times the clerk was soliciting the plaintiff to insure in the defendant's company, he was informed that the property was insured in another company which was insolvent, and there was evidence tending to so prove. The material question is whether the defendant is bound by the knowledge of the clerk.

I. The appellant insists that Salot, as the defendant's agent in issuing policies and making contracts of insurance, was vested with large discretionary power, involving a knowledge of insurance, and the exercise of judgment in determining upon risks, and that he could not delegate such powers to another. It will be assumed, in the absence of a statute, that the weight of authority sustains the foregoing proposition. For

1. FIRE insurance: prior insurance: company bound by knowledge of agent's clerk.

the purposes of the case, therefore, it will be conceded. But it will be observed that Salot did pass upon the risk as stated in the application, and that he did not delegate his authority in this respect. The question, therefore, is whether he had the power to have his clerk solicit insurance, and whether the plaintiff had the right to assume that he for that purpose was the defendant's agent.

It is provided by a statute that "any person who shall hereafter solicit insurance, or procure applications therefor, shall be held to be the soliciting agent of the insurance company issuing the policy." Miller's Code [Ed. of 1880], p. 290. Counsel insist that this statute cannot be construed as contemplating a person who wrongfully obtains a blank application, and, without the knowledge of the company, solicits insurance, fills up the blanks in the application, and procures it to be signed by a person desiring insurance. Clearly not, if this is all that is done. But suppose the application, so filled up and signed, is presented to the company, and it issues a policy thereon, and receives the premium. Is it not bound thereby, even if it does not know who procured the application? We think a policy so issued would be a valid contract of insurance. If material, the company was bound to know who the agent was, and, without doubt, could be compelled to pay the loss if one occurred. The statute should be construed, we think, as embracing any case where a policy has been issued upon an application; and whoever procures such application must be regarded as the soliciting agent of the company issuing the policy. It will probably be conceded that if, the defendant had sent a clerk employed in its office to solicit insurance, and he had done what Salot's clerk did, and the policy had issued, the defendant would have been bound. Now, we are unable to see any material difference between that case and the one at bar, except that in this case the defendant did not know Salot's clerk, or that he had procured the application. But Salot did, and he issued the policy, as he was authorized to

do. The defendant is bound by what Salot knew and what he did; for, as to the plaintiff, the defendant stands in the shoes of Salot. The policy was issued by the latter, but it was the act of the defendant, and, under the statute, the defendant was bound to know who procured the application, for the reason that Salot had such knowledge when he issued the policy. The policy, therefore, is not void because there was other insurance on the property destroyed, if Salot's clerk had knowledge of such insurance, as claimed by the plaintiff, provided he was such an agent, as knowledge to him would be binding on the defendant. The defendant insists he was not such agent.

II. Under the evidence the jury would be warranted in finding that Salot's clerk had full knowledge that there was other insurance on the same property at the time he procured the application, and when the policy was issued; but there is no evidence tending to show that he so informed Salot. The evidence tends to show, and the jury would be warranted in finding, that Salot's clerk had the power and authority to solicit this insurance, procure the application, collect the premium and deliver the policy. The only doubt is as to the collection of the premium. As to this the evidence is undisputed that he had the right to have it applied on his indebtedness due the plaintiff. This is sufficient to show that he was authorized to collect it. The defendant, therefore, is bound by the knowledge obtained by such clerk as to the prior insurance, and must be deemed to have waived the condition of the policy in this respect. *Boetcher v. Hawkeye Ins. Co.*, 47 Iowa, 253; *Jordan v. State Ins. Co.*, 64 Id., 216.

III. It is insisted that the verdict ·is not sustained by the evidence, and that the amount recovered is excessive. We cannot interfere with the verdict in either respect, without infringing upon the well established rule of this court. When the loss occurred, the plaintiff made proofs of loss to the other insurance company, and also to the defendant. She

2. ——: ——:
fraud: claim-
ing whole loss
of two com-
pan ies.

claimed of each company the entire amount of the loss, and it is insisted that this constitutes such a fraud, or attempt to defraud, as, under the terms of the policy, will prevent a recovery. In this proposition we are unable to concur. We think the plaintiff could well claim the loss from both companies. It was somewhat doubtful if she could recover from either; and from which she had the best chance of recovery was a problem a good lawyer would have some difficulty in solving. She undoubtedly made the claims in good faith, and with no intent to defraud, and we do not think there is any evidence which tends to prove a fraudulent intent.

Two or three objections are suggested to rulings of the court in the admission and rejection of evidence. The evidence rejected or admitted was not by any means controlling, and had no influence, we feel sure, on the verdict. It does not seem to us necessary to take up the time required to state the points made in relation thereto by counsel for the appellant.

We think the judgment must be

AFFIRMED.