# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1888.

THE CONTINENTAL INSURANCE COMPANY OF THE CITY
OF NEW YORK

v.

STEPHEN RUCKMAN.

*Fire Insurance—Loss—Bill to Reform and Correct Policy—Vacancy
Permit—Agreement by Agent—Changing Conditions of Policy—Agents—
Clerks—Responsibility of Company for Act of—Foreign Companies.*

1. Under the act in relation to insurance, the clerk of a local agent, so far
as business transacted by him for any foreign company represented by his em-
ployer is concerned, is the agent of such company and binds it by his acts.

2. Upon a bill brought to reform and correct a fire insurance policy and
asking for a decree ordering the payment of a loss thereunder, this court
declines to interfere with the decree in behalf of the complainant.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Madison County; the
Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. GEO. F. McNULTY, for appellant.

Messrs. WISE & DAVIS, for appellee.

Milne was permitted to solicit insurance, make contracts, fill up policies, deliver them, and collect premiums in his dealings with the public; the public had a right to presume his acts bound the company. Presumed powers are not to be narrowed by limitation not communicated to the person dealing with him. Insurance Co. v. Barrell Co., 114 Ill. 118; F. M. Ins. Co. v. Chestnut, 50 Ill. 170; Ætna Ins. Co. v. Maguire, 51 Ill. 342; Lightbody v. N. Amer. Ins. Co., 23 Wend. 18; Ins. Co. v. Wilkinson, 13 Ill. 222; Merchant Bank v. State Bank, 10 Wall. 644; Dayton Ins. Co. v. Kelly, 24 Ohio St. 345.

Although provision sixth in the policy provides that any person other than the duly commissioned agent of this company who may procure insurance shall be deemed the agent of the assured and not of the company, yet Milne, having acted for the company in procuring the insurance, is to be deemed the agent of the company, regardless of said provision in the policy. Commercial Ins. Co. v. Ives, 56 Ill. 402; Union Ins. Co. v. Chipp, 93 Ill. 100; Pierce v. People, 106 Ill. 22; Newark F. Ins. Co. v. Sammons, 110 Ill. 166.

REEVES, J. This is a bill in chancery brought by appellee to reform and correct a policy of insurance issued by appellant to him, and after such correction, asking for a decree that the appellant pay appellee the amount of the policy, alleging the destruction of the property insured by fire. Appellee was solicited by one Milne to take out a policy in the appellant company. It was agreed between the parties that Ruckman was to insure his house for $400 and his barn for $600. Milne agreed that the policy was to have in it a clause that the property could remain vacant for thirty days without notice to the company.

When the policy was delivered to appellee by Milne, he asked Milne if the policy had in it the vacancy clause as they had agreed. Milne said it had. Appellee could not read or write, and Milne knew this fact. Appellee received the policy and paid the premium to Milne and the company received the premium. As to these facts there is no dispute in the testimony.

On the first day of November, 1886, while the policy of insurance was in force, the house and barn were destroyed by fire. At the time of the fire the premises had been vacant for ten days. The policy as issued, provided, " that if the building become unoccupied without the assent of this company indorsed hereon   *   *   *   then, and in any such case, this policy shall become void."

Proofs of loss were furnished to the agents of the company, and payment was refused because the premises were unoccupied at the time of the fire.

The court below rendered a decree correcting the policy so as to read that the property insured can remain vacant and unoccupied for thirty days, but not longer, without notice to the company, and also decreed that appellant pay appellee, on account of his loss, the sum of $1,049.50. From this decree the appellant prayed an appeal to this court. The chief contention on the part of appellant is that Milne was not its agent, and that it was not bound by what he did in his negotiations with appellee, which resulted in the issuance of the policy. It appears from the evidence that Milne was a clerk in the office of Whipple & Smily, who were the agents of appellant at Alton.

Whipple testifies that Milne acted as a solicitor of insurance, but had no authority to sign policies and never did. He was the office clerk of Whipple & Smily, kept the books of the office, filled out policies, delivered policies after they were countersigned by Whipple & Smily, and collected the premiums.

He solicited insurance, but submitted the same to one of the agents, who alone countersigned the policy. Mr. Whipple was some seventy years old, and Smily was part of the time engaged in a bank; Milne did all the clerical work. We have been favored with a very exhaustive argument upon the question of the extent of the agency of Whipple & Smily, whether they were local or general agents, and if local it is urged that they could not delegate their authority as agents to Milne, so that Milne could bind the company. We shall not pursue this argument further than to say that while it is true that

they were local agents in that their business was confined to a limited territory, yet, so far as the public was concerned, they were agents with full power and authority to issue policies and make contracts of insurance. For this purpose they were general agents, as contradistinguished from special agents. Lightbody v. North American Ins. Co., 23 Wend. 18; Vile v. Germania Ins. Co., 26 Iowa, 9; Ins. Co. v. McGookey, 33 Ohio St. 555; Ætna Ins. Co. v. Maguire, 51 Ill. 342.

It was said in Bodine v. Ex. Fire Insurance Company, 51 N. Y. 123, by Earle, C., in delivering the opinion of the court, "We know, according to the ordinary course of business, that insurance agents frequently have clerks to assist them and that they could not transact their business if obliged to attend to all the details in person, and these clerks can bind their principals in any of the business which they are authorized to transact. An insurance agent can authorize his clerk to *contract for risks*, to deliver policies, to collect premiums and to take payment of premiums in cash or securities, and to give credit for premiums and to demand cash; and the act of the clerk in all such cases is the act of the agent, and binds the company just as effectually as if it were done by the agent in person. The maxim of *delegatus non potest delegare* does not apply in such a case." See also Eclectic Life Ins. Co. v. Fahrenkrug, 68 Ill. 463.

But it seems to us that our statute settles this disputed question. It provides: "Every agent of any insurance company shall, in all advertisements of such agency, publish the location of the company, giving the name of the city, town or village in which the company is located, and the State or Government under the laws of which it is organized. The term 'agent' or 'agents' used in this section shall include an acknowledged agent, surveyor, broker or *other person or persons* who shall, in any manner, aid in transacting the insurance business of any insurance company not incorporated by the laws of this State. The provisions of this section shall apply to all foreign companies, partnerships, associations and individuals, whether incorporated or not." 1 Starr & Curtis Ill. Stat., 1322. Under a similar statute in Iowa, where an agent

sent his clerk to solicit a risk and take an application, and the clerk knew there was other insurance on the property, but the agent, ignorant of such other insurance, issued a policy on the application and collected the premium, it was held that the company was bound by the knowledge of the agent's clerk, who, for the purpose of that policy, must be regarded as the company's soliciting agent, and that it could not defeat an action on the policy on the ground of prior insurance, which, under the terms of the policy, would otherwise have rendered it void. Bennett v. Council Bluffs Ins. Co., 70 Iowa, 600. We can not agree with the view taken by appellant's counsel as to the effect to be given to this statute. As we view it, the clause declaring who are to be considered agents of an insurance company, not incorporated by the laws of this State, is to be considered as generally determining that any person who shall in any manner aid in transacting such insurance business is an agent of such foreign company.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*