BURLINGTON INSURANCE COMPANY v. CAMPBELL &
TALBOT.

FILED OCTOBER 16, 1894.   No. 5742.

1. **Insurance:** REMOVAL OF PROPERTY: WAIVER OF TERMS OF POLICY BY AGENT. An insurance policy upon personal property contained a provision, in effect, that the company should not be liable for loss or damage to the property in any other place than in the building in which the same was situated when the risk was written; and also another clause that " No officer, agent, or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing." The insured removed the property covered by the policy to another building, and while therein the loss occurred. Oral consent to such removal was given by the person who, as local agent, issued and delivered the policy, although several weeks prior thereto he had ceased to act for or represent the company. No notice to the company was given by the insured, nor did it, or any officer or agent thereof, consent in writing to the removal. *Held,* That the oral consent

of the person who had ceased to act as agent of the insurer did not bind the company, and that the removal of the property without the written consent therefor being indorsed upon the policy avoided the contract.

2. ———: LOCATION OF PROPERTY: WAIVER OF TERMS OF POL-ICY: PLEADING. A condition in a policy of insurance fixing the location of the property insured may be waived by the company, but such waiver must be pleaded, to avail the insured.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

The opinion contains a statement of the case.

*Wharton & Baird,* for plaintiff in error:

The evidence clearly justifies the conclusion that no consent was ever given by the company to the removal of the goods in question, and that no notice of such removal was ever given until after the fire occurred, and that no waiver of the conditions of the policy, actual or by implication, can be claimed. The defendants in error cannot, therefore, recover on the policy. (*Lyons v. Providence Washington Ins. Co.,* 14 R. I., 111; *Wood v. Hartford Fire Ins. Co.,* 13 Conn., 544; *Wall v. East River Mutual Ins. Co.,* 3 Seld. [N. Y.], 370; *Boynton v. Clinton & Essex Mutual Ins. Co.,* 16 Barb. [N. Y.], 254; *Harris v. Royal Canadian Ins. Co.,* 53 Ia., 236; *McCluer v. Girard Fire & Marine Ins. Co.,* 43 Ia., 349.)

The company had no valid notice of the removal of the goods. (*Hill v. Helton,* 80 Ala., 528; *Bohart v. Oberne,* 36 Kan., 284; *Russell v. Cedar Rapids Ins. Co.,* 42 N. W. Rep. [Ia.], 654.)

Where written consent to a waiver of the terms of the policy is required as a part of the contract of insurance, no waiver can be held binding upon the company unless the same is in writing, as provided in its policy; and no agent or officer of the company could possibly waive such requirement. (*Kyle v. Commercial Union Assurance Co.,* 10

18

N. E. Rep. [Mass.], 518; *Hankins v. Rockford Ins. Co. of Rockford, Ill.*, 35 N. W. Rep. [Wis.], 34; *Birmingham Fire Ins. Co. v. Kroegher*, 2 Norris [Pa.], 264; *Walsh v. Hartford Fire Ins Co.*, 7 Ins. L. J. [N. Y.], 423; *German Ins. Co. v. Heiduk*, 30 Neb., 288.)

*V..O. Strickler, contra:*

Where the relation of principal and agent has once been established, it will be presumed to continue until shown to have been dissolved. (*Columbus Co. v. Hurford*, 1 Neb., 146.)

Where the knowledge of a broken condition comes home to the company, and it retains all the premium and says nothing whatever about forfeiture, it will be deemed to have waived the forfeiture. (*Phœnix Ins. Co. v. Lansing*, 15 Neb., 495; *Ins. Co. of North America v. McLimans*, 28 Neb., 658; *Schoneman v. Western Horse & Cattle Ins. Co.*, 16 Neb., 405; *Viele v. Germania Ins. Co.*, 26 Ia., 9; *Miner v. Phœnix Ins. Co.*, 27 Wis., 698; *Franklin v. Atlantic Fire Ins. Co.*, 42 Mo., 456.)

NORVAL, C. J.

This action was brought by Campbell & Talbot against the Burlington Insurance Company on a policy of insurance against loss or damage by fire. There was a trial by jury, and at the close of the testimony the defendant moved that the jury be instructed to find in its favor, which was overruled by the court, and a verdict was returned for the plaintiffs, upon which judgment was entered. The defendant company prosecutes a petition in error to this court.

There is but little controversy as to most of the facts. The policy was issued on the 16th day of April, 1889, to continue in force for the period of one year, and the amount of the insurance was $350 on plaintiffs' "printing press, type, paper, and other printing supplies and office furniture and fixtures, all while contained in the five-story brick,

metal or composition roof building, known as the 'Ramge Building,' and situated on the southeast corner of Fifteenth and Harney streets, Omaha, Nebraska." The property covered by the policy was removed by the plaintiffs about the 1st day of January, 1890, from the said building in which it was situated when the policy was issued, and placed in the Hill Building, located at the southwest corner of Fifteenth and Douglas streets, in the said city of Omaha. The last mentioned building was burned on the 13th day of April, 1890, and a portion of plaintiffs' said printing outfit, was likewise destroyed by fire, and thereafter the plaintiffs made due proofs of loss as required by the policy. The defense to the action is that the policy was avoided by reason of the removal of the property from the building in which it was contained when the risk was written. The policy, after giving a description of the property, and its location, provides that Campbell & Talbot are insured "against all such immediate loss or damage sustained by the assured as may occur by fire to the property above described, only while contained on or in the premises herein described, not exceeding the sum insured." The policy also contained the following condition: "This company shall not be liable for theft at, or after, a fire, * * * nor for loss or damage to the property in any other locality than herein specified." The contention of the plaintiffs is that the company waived the foregoing stipulations of the policy by consenting to the removal of the property, both prior and subsequent to such removal. This is the sole question we are called upon to consider. It appears that Ayerst & Taffinder were the local agents of the company at Omaha when the risk was taken, and that they issued the policy in question. It is insisted that notice of the intention of the assured to remove the property to the Hill Building was given to Mr. Ayerst, of the firm of Ayerst & Taffinder, and that he consented to such removal. The evidence relating thereto is conflicting. On

one side is the testimony of N. O. Talbot, one of the defendants in error, to the effect that shortly before January 1, 1890, he informed Mr. Ayerst that it was the intention to remove the insured property from the Ramge Building into the Hill Building about the first of the month, and requested that permission therefor be entered upon the books of the company; and that shortly after the first of January, Mr. Talbot again saw Mr. Ayerst, and notified him that the property had been removed, and was assured by the latter that everything was all right. On behalf of the company is the direct and positive testimony of Mr. Ayerst, denying that Mr. Talbot had any conversation with him upon the subject. The jury having found in favor of the plaintiffs, we must accept as a fact that the conversations testified to by Mr. Talbot occurred as stated by him. It is not claimed that any attempt was made to notify the company of the removal of the property prior to the loss, except as stated above. The question is presented whether the insurer was bound by the notice which was given to Ayerst & Taffinder. We think not, for two reasons. In the first place the undisputed evidence shows that the aforesaid Ayerst & Taffinder ceased to act as agents for the insurance company some time prior to the conversations testified to by Mr. Talbot, and that Daniels & Baldridge were, from and after the 19th day of November, 1889, the sole representatives or agents of the plaintiff in error in the city of Omaha. It requires no argument to show that notice to Ayerst & Taffinder, of the intention of Campbell & Talbot to remove the property into another building, as well as the consent given by them to such removal, is of no validity whatever. To hold otherwise would make the insurer liable for the acts and conduct of those who confessedly were not its agents, and who were no longer in its employ. Counsel for defendants in error invoke the familiar rule that where the relation of principal and agent has once been established it will be presumed to continue

until shown to have terminated.   The answer to this is that this presumption of law was entirely overcome by undisputed evidence that the relation of principal and agent which had once existed between Ayerst & Taffinder and the company had been terminated.   It can make no difference that the insured had no notice that the agency had ceased, and that other agents had been appointed.   Had Ayerst & Taffinder continued to represent the company after their removal, which the evidence fails to disclose, the latter, perhaps, might have been bound for such acts as were committed within the scope of their apparent authority.

There is another reason why the condition in the policy as to the location of the property has not been waived by the plaintiff in error.   The contract of insurance contains this provision: "And it is further expressly covenanted by the parties hereto, that no officer, agent, or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing."   As applicable to this branch of the case the court below instructed the jury as follows:

"4. Unless you find from the evidence that the defendant had notice of such removal of said goods, and has waived such conditions of the policy, with knowledge of the alleged fact, the plaintiffs cannot recover.   The defendant's agents had no right under the law to consent to such removal, unless such consent was in writing on the policy in question."

It is not claimed that any written consent was given for the removal of the property by any officer or agent, or that a waiver of any of the conditions contained in the contract of insurance was ever indorsed upon the policy.   The verdict, therefore, was not only contrary to the above instruction, but against the evidence as well.   The policy became void upon the removal of the property.   Assent to such

removal, indorsed upon the policy by an authorized agent of the company, would revive it and continue the contract in force. (*German Ins. Co. v. Heiduk,* 30 Neb., 288, and cases there cited. See also authorities cited in the brief of plaintiff in error.) No notice having been given to this company, or its authorized agent, of the removal of the property in question from the building in which the same was insured, and no consent to such removal having been indorsed upon the policy, we are constrained to hold that the oral consent of Ayerst & Taffinder is a nullity.

It is insisted that the company waived the forfeiture of the policy by accepting and retaining the premium for the entire year. No such question is presented by the pleadings, since the plaintiffs below failed to allege that the company waived the forfeiture by failing to return the unearned premium and canceling the policy. The premium was paid when the risk was written, and the company had no notice of the removal of the property until after the loss. Had it been notified of the removal prior to the fire, and then failed to return, or offer to return, the unearned premium, such facts might be deemed a waiver of the forfeiture. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.