HARVEY E. GLATFELTER, APPELLANT, v. SECURITY INSUR-
ANCE COMPANY, APPELLEE.

FILED MAY 4, 1918.   No. 20010.

1. Insurance: PAROL AGREEMENT. An oral agreement to insure is en-
forceable, but it must be definite as to all of the material terms of
the contract.

2. Evidence: COLLATERAL FACTS. Collateral facts are not allowed in
evidence, unless such facts throw light upon the issue being
tried. It is not ordinarily allowed to prove collateral facts for
the purpose of explaining other collateral facts.

3. Trial: EXPLANATORY INSTRUCTION. An instruction that properly
explains the application of a principle of law stated in a previous
instruction is not erroneous.

4. Appeal: INSTRUCTIONS: ASSUMPTION OF FACT. From the facts in
evidence, indicated in the opinion, it does not appear that the
jury could have been misled by assuming in the instructions that
"no effort to pay (the insurance premium) had been made."

APPEAL from the district court for Merrick county:
GEORGE H. THOMAS, JUDGE. *Affirmed.*

*W. T. Thompson* and *Martin & Bockes,* for appellant.

*Stout, Rose & Wells, Elmer E. Ross,* and *Alfred
Munger, contra.*

SEDGWICK, J.

Plaintiff alleged that he made an oral contract with
the defendant for fire insurance on a building in Central
City; that the contract was made on the 8th day of May,
1914, and that the property was destroyed by fire on
the 27th day of December, 1914. No premium had been
paid and no policy delivered. The jury found a verdict
for the defendant, and the plaintiff has appealed, and
in the brief discusses two assignments of error.

1. Plaintiff complains that the court erred in strik-
ing out the evidence that the insurance agent, with whom
he claims to have made the oral contract, was indebted

to the plaintiff for rent at the time the contract is alleged to have been made. It is argued that this evidence, in connection with evidence that the agent received a commission on the insurance obtained by him, tends to show the interest that the agent would have in making such a contract, and tends to explain the delay of the agent in demanding a premium and the delay of the plaintiff in demanding a delivery of the policy. "Evidence of collateral facts corroborative of the statement of one party with respect to the main issue is admissible if confined to such matters as throw light upon the question."*Farmers State Bank v. Yenney,* 73 Neb. 338. In the case at bar the main issue was the question of the making of such a contract. The long delay of over seven months was not the main issue but was allowed in evidence as a collateral fact throwing light upon the main issue. The fact of the agent's indebtedness to the plaintiff and his opportunity to pay a part of that indebtedness by his commissions would not be a stronger inducement to enter into a contract than the fact that he was to receive such commissions in cash would be. Under the circumstances in this case, it seems entirely improbable that the evidence of his indebtedness would have been of assistance to the jury in determining the main issue. The ordinary course of insurance is to issue a policy specifying definitely the contract and its terms. An oral agreement to insure is enforceable, but it must be definite as to all of the material terms of the contract. As to the amount of insurance agreed upon, the plaintiff in his petition alleged that it was to be "an amount not exceeding $2,500," and as to the premium agreed upon to be paid therefor, the plaintiff testifies, "I did not know the exact amount."

2. The plaintiff also complains of the giving of instruction No. 10 by the court on its own motion, as follows: "While, as hereinbefore explained, it is competent for the insurance company to extend credit in

102 Neb.—30

the matter of the payment of the premium yet the jury may take into consideration the fact that no premium was or had been paid prior to the loss, and that no demand therefor had at any time been made, and no effort to pay had been made, in determining the question as to whether the contract claimed by plaintiff was in fact and actually made and entered into.''

It is complained that this instruction ''brings into the case the element of extension of credit.'' The court had already, in behalf of the plaintiff, instructed the jury that ''an insurance company may waive the cash payment of a premium and may extend the time for the payment of the same.'' This is referred to in the instruction complained of. It is also complained that the instruction assumes that ''no effort to pay had been made.'' The plaintiff testified that at one time during the seven months he put a blank check in his pocket and went to the office of the agent for the purpose of paying the premium, but the plaintiff also testified that the agent ''is out of town most of the time,'' and that the door of his office ''was locked, as it usually is,'' and that at other times he went to the agent's office to collect rent, but did not testify that he, at those times, made any tender of payment. It he had tendered payment, and it had been refused, it might well be contended that an ''effort to pay had been made.'' Under the circumstances in this case, we cannot consider that it was probable that the verdict of the jury was affected by the assumption that the act of the plaintiff in going to the agent's office, when he knew that the agent would probably be away, was not an effort to pay. The plaintiff's evidence as to the making of the alleged contract is emphatically contradicted by two competent witnesses, and his own allegations and proof, as we have already seen, are not so definite as to the terms of the alleged contract as to justify the conclusion that the jury has been misled in the matters complained of.

We find no substantial error in the record requiring a reversal, and the judgment of the district court is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.