GEORGE R. CLINE, APPELLANT, V. FIDELITY PHENIX FIRE
INSURANCE COMPANY, APPELLEE.

FILED MAY 1, 1925.   No. 23128.

1. **Insurance:** CONTRACT BY AGENT.  An insurance company is
bound by a contract of its agent which is within the scope of
his real or apparent authority, notwithstanding it is in viola-
tion of private instructions or limitations upon his authority, of
which a person dealing with him, acting in good faith, has
neither actual nor constructive knowledge.

2. ———:  ORAL CONTRACT.  An oral contract of insurance which
is certain as to parties, time, amount, rate, and property is
valid.

3. ———:  CONTRACT BY AGENT:  QUESTION FOR JURY.  Evidence
examined, the substance of which is set out in the opinion, and
*held* to present a question for the jury to determine whether
the contract of insurance of the agent was within the scope of
his apparent authority.

APPEAL from the district court for Hamilton county:
GEORGE F. CORCORAN, JUDGE.  *Reversed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellant.

*J. J. Reinhardt* and *Crow & Newman, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMP-
SON, JJ., REDICK and SHEPHERD, District Judges.

DAY, J.

Action by plaintiff, based upon an alleged oral contract
of insurance with defendant, to recover for the loss of a
barn by fire.  The defendant denied the existence of the con-
tract and denied the authority of its agent to make such a
contract in its behalf.  At the close of the testimony the
trial court directed the jury to return a verdict for the de-
fendant, which was done, and thereupon rendered judgment
for the defendant.  Plaintiff appeals and now urges that
the question of the authority of the agent to make the con-
tract should have been submitted to the jury.

The record shows that in November, 1913, the plaintiff
applied to Wentz Company of Aurora, Nebraska, agent of
the defendant insurance company, for insurance upon a

barn owned by the plaintiff, located upon the southwest quarter of section 31, township 10, range 6, in Hamilton county, Nebraska. The defendant accepted the application and issued to the plaintiff two policies, one covering loss by fire and lightning, and the other covering loss by windstorms, cyclones and tornadoes. The windstorm policy referred to the fire policy, so that the two policies and the application constituted a single transaction. Both policies stipulated $700 on the barn, $250 on grain, and $50 on hay. By an arrangement between plaintiff and the agent, the latter was to keep the policies in its vaults. By express terms these policies expired on November 22, 1918. Shortly before the expiration of the policies the agent wrote the plaintiff that his insurance would soon expire, and requested him to come in and renew the insurance. On November 22, 1918, the plaintiff called upon defendant's agent and stated that he wanted his insurance on his barn renewed to cover loss by fire, lightning and windstorm; that he wanted $700 insurance on the barn, but did not care for further insurance on the grain or hay. The plaintiff then signed an application prepared by the agent, paid $19.25 premium, and was told by the agent "You are insured now for five years," and added, "You don't need to bother any more about the insurance." Plaintiff then requested the agent to keep the "papers," as had been done before.

In March, 1920, this barn was slightly damaged by a windstorm. At the same time another barn owned by the plaintiff located on another quarter section of land was also damaged. On being notified of this loss, the agent of defendant came to plaintiff's home, examined the barn in question, and later plaintiff received defendant's check in settlement of the loss on this barn.

In September, 1920, the barn was totally destroyed by fire. Meanwhile Wentz Company, the agent of the defendant, had failed in business, and other parties were appointed agents for the company. After the fire the plaintiff for the first time learned that no policies had been issued by the defendant based on the application of November 22, 1918.

Cline v. Fidelity Phenix Fire Ins. Co.

The record further shows that Wentz Company was the duly authorized agent of the defendant, that it had authority to issue policies on property located in town, but as to farm property was authorized only to take applications for insurance and forward the same, together with the premium, to the defendant's office in Chicago.

For some reason, which is not explained, Wentz Company did not send to the defendant the plaintiff's application dated November 22, 1918, but on February 11, 1919, it sent an application for insurance on the property in question to the defendant, signed: "George R. Cline, Applicant, by Wentz Co., Agents." On the back of this application was an indorsement showing that the premium, $19.25, had been paid in cash. This application was rejected by the defendant and returned to Wentz Company February 21, 1919. Plaintiff was never notified until after the loss that a policy had not been issued nor was the premium which he paid ever returned to him.

While it is true that, as between the defendant and its agent, Wentz Company, the latter was not authorized to make a contract of insurance on farm property which would bind the defendant, yet we think, under the peculiar facts disclosed by this record, that the question of the agent's apparent authority to make such a contract should have been submitted to the jury. The rule is well settled that an insurance company is bound by all acts, contracts or representations of its agent, whether general or special, which are within the scope of his real or apparent authority, notwithstanding it is in violation of private instructions or limitations upon his authority, of which a person dealing with him, acting in good faith, has neither actual nor constructive knowledge. In *Rankin v. Northern Assurance Co.*, 98 Neb. 172, it was held:

"The contracts of a local agent of an insurance company are binding upon the company if within the apparent authority of the agent and are entered into in good faith by the insured."

Numerous cases supporting this rule are cited in 32 C. J. 1063, sec. 140.

Besides this, it may well be considered that the defendant, by keeping the premium and paying the damage to the barn occasioned by the windstorm, has ratified the acts of its agent in making the contract. Defendant knew that the premium had been paid by the plaintiff, and if it declined to accept the risk it was its duty to see that the money was returned. It is not sufficient that it may have directed Wentz Company to return the premium. Wentz Company was its agent and its failure to do this was the failure of the defendant.

It is urged by the defendant that an oral contract for insurance is invalid. This court, however, is committed to the rule that an oral contract for insurance, certain as to parties, time, amount, rate, and property, is a valid contract. In *Clark v. Bankers Accident Ins. Co.*, 96 Neb. 381, it was held:

"Ordinarily it is within the power of an insurance agent to make an oral contract of insurance, or to agree that the insurance shall be in force after the application is signed, and the premium paid, and before a policy is actually written, unless the assured is, or should be held to be, apprised in some manner, either in the application or otherwise, that the insurance will not be in force until the application is approved at the home office and the policy issued and delivered."

See, also, *Bridges v. St. Paul Fire & Marine Ins. Co.*, 102 Neb. 316; *Glatfelter v. Security Ins. Co.*, 102 Neb. 464; *Kor v. American Eagle Fire Ins. Co.*, 104 Neb. 610.

Not infrequently applications for insurance contain a stipulation to the effect that the insurance will not become effective until the application is approved at the home office and a policy issued thereon and delivered. The application signed by the plaintiff contained no such provision, and there was nothing in it to apprise him that the agent could not accept the application and issue a policy thereon.

In view of the entire record, we think the question of the

apparent authority of the agent, Wentz Company, to make the contract as claimed by plaintiff should have been submitted to the jury.

In the case of *Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb. 480, it was held:

"Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's authority. Whether or not an act is within the scope of an agent's apparent authority is to be determined under the foregoing rule as a question of fact from all the circumstances of the transaction and the business."

See *Thomson v. Shelton*, 49 Neb. 644; *Phœnix Ins. Co. v. Walter*, 51 Neb. 182; *Holt v. Schneider*, 57 Neb. 523.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Insurance, 32 C. J., secs. 140, 180, 181, 209.