SAM BONACORSO, APPELLEE, v. CAMDEN FIRE INSURANCE ASSOCIATION, APPELLANT.

FILED JANUARY 10, 1936. No. 29443.

*F. S. Howell* and *Wright & Kennedy*, for appellant.

*Wear, Garrotto & Boland, contra.*

Heard before GOSS, C. J., ROSE and CARTER, JJ., and REDICK and KROGER, District Judges.

REDICK, District Judge.

This is an action at law upon a policy of insurance issued by the defendant to the plaintiff on the 22d of July, 1932, upon household goods, in the sum of $1,000. The goods were destroyed by fire the 24th day of November, 1932, while located and contained in premises known as 1502 South Fifth street, in the city of Omaha. At the time the policy was issued the goods were located and contained in a building known as 2033 Dodge street, in said city, and the policy of insurance provided that the personal property therein described was insured "while located and contained as described herein, and not elsewhere, to-wit, all situated and known as 2033 Dodge street, city of Omaha, state of Nebraska." The petition alleged that said household goods and furniture insured under said contract were removed from 2033 Dodge street to 1502 South Fifth street with the full knowledge, oral authority and consent of the defendant, by and through its agents, Hepler and Marcell, and Joseph F. Belfiore.

By its answer the defendant admits the issuance of the policy, and pleads the above quoted provision as to the location of the goods insured, and generally and specifically denies that it ever had any notice or knowledge of or ever gave its consent to the removal of said property, alleging the contrary. The defendant alleges that, had it known of such removal, it would have canceled said policy. The answer contains several other matters of defense which

need not be detailed because no evidence was offered in support of them. The case was tried to a jury, but at the close of the evidence each party moved for a directed verdict in its favor; thereupon the jury were discharged and the district court overruled ·defendant's motion and sustained the motion of plaintiff for a finding and judgment in plaintiff's favor for the amount of the policy and interest. The defendant appeals.

The evidence establishes without dispute the following facts: Joseph F. Belfiore was an insurance broker, an agent of the defendant for the purpose only of procuring applications for insurance, ·collecting premiums and delivering policies; he had no authority to enter into contracts of insurance or waive any provisions of the policy—in short, he was not a general agent of the defendant. He procured the issuance of the policy in suit through Hepler and Marcell who were agents of the defendant authorized to issue policies. At the time the policy was issued containing the above quoted provision as to location, the personal property insured was located in a house known as 2033 Dodge street, and on August 14, 1932, was removed to 1502 South Fifth street, at which location it was destroyed by fire on November 24, 1932. Proofs of loss were duly made and the amount thereof is not in dispute.

The contested question of fact in the case is whether or not the defendant prior to the fire had notice of the removal of the goods to the new location. The only evidence upon this question was produced by the plaintiff, the defendant calling but one witness, who testified that the rate of insurance at 1502 South Fifth street, upon the policy in suit, would be $11 instead of $9, the amount paid by plaintiff. In this situation we are confined in our investigation to the evidence offered by the plaintiff.

The plaintiff testified that shortly before the removal of the goods he notified Belfiore of his intention in that regard and told him "that we had to move by the 14th of the month, that our rent would be raised, and so he said he would let me know and take care of it." "Q. And what

was said to him about moving this furniture as to where it was to be moved? A. He asked me where I was going to move it, and I told him back at the old address, and he said, 'Where, down on Fifth street?' And I said, 'Yes.'. And he said, 'I will let you know if it costs any more but I don't think there is any difference in rates.'" Belfiore testified that he told the plaintiff as soon as he moved to let him know about it, and that he saw plaintiff after removal and that the plaintiff asked him "to take care of the policy and be sure that everything was all right, and I said I would." "Q. Now, what did you do with reference, to taking care of the policy and about the removal of the household goods? A. I called Mr. Hepler and he was not in his office, and I said, 'Well, can you take some information for me?' And she said, 'Yes.' Q. Who is she? A. Well, Mr. Hepler's secretary. Q. That is, the secretary in the office? A. Well, Mr. Hepler was never in his office. Q. And do you know the secretary there? A. Well, I have met her; I know she answers the 'phone. Q. In the office there? A. Yes, sir. Q. What information did you give her? A. I told her the owner of the policy I had written had moved from 2033 Dodge street to 1502 South Fifth street, and to put through a change of address and send out an indorsement on it, and she said she would take care of it." Witness further testified that he saw Mr. Hepler afterwards on November 23, and that Hepler said to him, "Joe, I understand your policyholder, Sam Bonacorso, has moved down on Fifth street." And the witness said, "Yes; wait, I will give you the address," but that Hepler said he was in a hurry and could not wait. No written consent to the removal of the goods was ever made out and attached to the policy.

The defense of appellee is based upon two contentions:

1. That Belfiore was a mere soliciting agent of the defendant without power to issue policies of insurance or waive any of their provisions. This contention is well founded, the evidence being undisputed. The distinction between a mere soliciting agent and one having authority to issue policies is pointed out and discussed in *Krug Park Amusement Co. v. New York Underwriters Ins. Co.*, 129

Neb. 239, 261 N. W. 364, with special reference to the statutes on that subject.

2. That defendant had no notice or knowledge of the fact of the removal of the goods prior to the fire and that no written consent to such removal was ever made out or attached to the policy.

This second contention raises the question of the sufficiency of the evidence offered by the plaintiff to show such notice. It does not appear in the evidence and is not claimed that Hepler and Marcell, the agents issuing the policy, were ever personally notified by either plaintiff or Belfiore of the removal, but the latter testifies positively that at least two or three weeks after the removal he called up the office of Hepler and Marcell and talked with a girl who he describes as their secretary and who he knew received telephone calls for Hepler and Marcell. Neither Hepler nor Marcell was in the office, and he notified the girl of the fact of the removal of the goods from 2033 Dodge street to 1502 South Fifth street and asked her to put through the change of address, and that she replied that she would look after it. He further testified that on the 23d of November, the day before the fire, he met Hepler who voluntarily opened the conversation saying he understood that Bonacorso had moved down on Fifth street, and when Belfiore offered to get the exact number, he said he had not time, and on the morning of the 25th, the day after the fire, but before Belfiore knew of it, he telephoned the office again and gave "the secretary" the number on South Fifth street. The defendant produced no evidence in contradiction— neither Hepler, Marcell, nor "the secretary." It would seem in these days, when a large proportion of business, some of it quite important, is transacted over the telephone, that Belfiore pursued the ordinary method of informing defendant's agent of the fact of the removal, and that such agent had notice thereof through the communication to "the secretary" is a fair inference from the fact of Hepler's conversation with Belfiore on the day

before the fire, if such fact in itself may not be considered sufficient notice for want of a special description of the place to which the goods had been removed, although Belfiore offered to get the specific description from his file a few steps away; it might be fairly claimed that Hepler's refusal to wait and receive it would amount to a waiver of the defect. "It is not indispensable to recovery for the loss of goods insured, after their removal to a different place, that consent should have been first obtained for the removal; subsequent ratification and consent by the insurer, with knowledge of the facts, is equivalent to precedent consent." *Kor v. American Eagle Fire Ins. Co.*, 104 Neb. 610, 178 N. W. 182.

Defendant insists that there is no evidence that "the secretary" had any authority to waive any provisions of the policy or consent to the removal. This may be conceded, but that she had authority to receive telephone calls for Hepler and Marcell is undisputed, and it was her duty to report such calls, and any information thereby conveyed, to the agents. We think that "the secretary" was a clerk in the office of Hepler and Marcell for the purposes of receiving calls and notices for them; and that notice received by her was notice to them, by receiving such notice she was attending to their business. See *Pollock v. German Fire Ins. Co.*, 127 Mich. 460, 86 N. W. 1017, and cases cited; *Continental Ins. Co. v. Ruchman*, 127 Ill. 364, 20 N. E. 77; *Bodine v. Exchange Fire Ins. Co.*, 51 N. Y. 117; *Electric Life Ins. Co. v. Fahrenkrug*, 68 Ill. 463; *Bennett v. Council Bluffs Ins. Co.*, 70 Ia. 600, 31 N. W. 948.

The finding of the district judge must be given the same effect as that of a jury on a question of fact, and we think it is clearly supported by sufficient evidence and should not be disturbed.

Defendant cites the case of *Krug Park Amusement Co. v. New York Underwriters Ins. Co.*, 129 Neb. 239, 261 N. W. 364, to the point that notice to a soliciting agent is not notice to the company, which is undoubtedly correct;

but in that case the soliciting agent gave no notice of any kind of the transfer of title to the issuing agent. Defendant also cites 3 Couch, Cyclopedia of Insurance Law, sec. 747, *Waters v. Nebraska Mutual Ins. Co.*, 108 Neb. 1, 187 N. W. 125, and *Henslin v. United States Fire Ins. Co.*, 152 Wash. 637, 278 Pac. 702, to the effect that a removal of personal property from the place at which it was insured, where the policy contained the provision, "while located and contained as described herein, and not elsewhere," voided the policy, but in all those cases the rule was qualified by the expression that it took place "without insurer's consent," or "without insurer's knowledge."

In *Mayfield v. North River Ins. Co.*, 122 Neb. 63, 239 N. W. 197, it was held that, where actual knowledge of the removal of goods to a new location was brought home to the agents of the insurance company, such knowledge would be imputed to the company, the court saying: "This court is committed to the doctrine that notice to the local agent of insurer who has authority to issue the policy is notice to the insurer." In *Kor v. American Eagle Fire Ins. Co.*, 104 Neb. 610, 178 N. W. 182, it was held that, where prior to their destruction the insured gave notice of the removal and requested the authorized agent to transfer the insurance to cover the goods in their new location and the agent so agreed, the insurer was bound, although no formal consent or transfer was executed. Hepler and Marcell, having issued the policy, must be assumed to have had authority to receive notice of the removal.

By an amended motion for a new trial defendant set up the ground of newly discovered evidence supported by a number of affidavits from which it appears that, in the trial of this case in the municipal court, the witness Belfiore gave no evidence as to notification to the office of Hepler and Marcell prior to the day after the fire, and defendant contends that it was surprised by the testimony of Belfiore in that behalf in the district court and was therefore not prepared to meet that evidence. And among the affidavits offered was one of Ruth Kuran, evidently the person de-

scribed as "the secretary," to the effect that Hepler rented desk space in the office of one Robert J. Jeffs, state manager for the Federal Life Insurance Company, by whom she was employed, and that Hepler made some arrangement with her employer whereby she was to receive Hepler's telephone calls during his absence from the office and relay the same to Mr. Hepler, and aid Mr. Hepler in some small stenographic duties which he might desire. The failure of defendant to call Mr. Hepler is explained by the showing that he had left the state and his whereabouts were unknown, and the failure to call either Hepler or Ruth Kuran is accounted for upon the ground of surprise, and that defendant did not think their testimony would be necessary. As a matter of fact it appears that Ruth Kuran was in the city during the trial, and her affidavit was procured two days after the verdict. No application was made to the district court for an adjournment of the trial on the ground of surprise, and we think the affidavits presented are insufficient to establish the requisite diligence as a basis for a new trial on the ground of newly discovered evidence. Had the defendant requested an adjournment or continuance on the ground of surprise, no doubt the trial court would have granted it; instead, defendant concluded to take the chance of a favorable verdict and must now submit to the result. Furthermore, we are of the opinion that the evidence is sufficient to sustain the burden upon the plaintiff to establish that Ruth Kuran was the clerk or employee of Hepler and Marcell for the purpose of receiving and reporting communications connected with their insurance business. In *Pollock v. German Fire Ins. Co.*, 127 Mich. 460, 86 N. W. 1017, notice of the removal of the goods, by telephone, to a clerk in the office of the agents of the insurance company was held to be notice to the agents.

Having determined that the evidence is sufficient to show notice of the removal of the goods destroyed prior to the fire, we think it was incumbent upon the insurance company, if it did not wish to consent to the removal and be bound by its policy at the new location, to take some action

by canceling the policy or giving some notice to the insured of the refusal of its consent, so that the latter might procure other insurance for his protection, and that its failure to do so must be considered as evidence of its consent that the policy remain in force. The judgment of the district court is

AFFIRMED.