GEORGE F. HARDING *et al.*

*v.*

FERDINAND KUESSNER.

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. PLEADING—*recitals in appeal bond, set out in hæc verba, become part of the declaration.* A recital in an appeal bond, set out in *hæc verba* in a declaration counting thereon, that a judgment was rendered in favor of the appellee against the appellant, is a sufficient averment of the fact of the rendition of such judgment, as the obligors in the bond are estopped to deny its recitals.

2. SAME—*declaration on appeal bond need not aver that judgment of affirmance is in force.* A declaration in an action of debt on an appeal bond need not aver that the judgment of affirmance by the appellate tribunal remains in force and that no further appeal has been prosecuted.

3. BONDS—*what will not release obligors from performing conditions of appeal bond.* The affirmance by an appellate tribunal of the judgment appealed from for a part, only, of the amount recovered and the entry of a *remittitur* for the balance, does not operate to release the appellant or his sureties from the performance of obligations conditioned on the affirmance of the judgment appealed from.

4. SAME—*suit on appeal bond—effect where appellant has recovered his costs.* The fact that the appellate tribunal, on affirming a judgment, awards costs to the appellant, does not require the plaintiff in a subsequent suit on the appeal bond to prove the amount of appellant's costs, and deduct the same from the amount found due under the bond.

5. INTEREST—*interest may be allowed though judgment is affirmed for part of amount recovered.* Upon affirmance of a judgment for a part, only, of the amount recovered, interest may be allowed the appellee on the part so affirmed, from the date of the rendition of the judgment by the trial court.

*Harding* v. *Kuessner,* 70 Ill. App. 355, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

WILLIAM J. AMMEN, for appellants.

NELSON MONROE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The action below was debt by appellee on an appeal bond given by appellants to perfect an appeal to the Appellate Court for the First District from a judgment rendered in the Superior Court of Cook county against the appellant insurance company, in favor of appellee. The circuit court entered judgment in favor of the appellee, which was affirmed by the Appellate Court on appeal, and the cause comes here by the further appeal of the appellants.

The objection the declaration does not allege a judgment was rendered in the suit in which the appeal bond was given is without force. The appeal bond is set out in *hæc verba* in the declaration, and it appears from a recital in the condition of the bond that a judgment was rendered in favor of the appellee, against the appellant company, for a designated sum of money and costs of suit. It is familiar law the obligors in an appeal bond are estopped to deny the recitals of the bond.

Nor is the declaration defective in failing to aver the judgment of the Appellate Court affirming the judgment appealed from remained in full force, and that no appeal had been prosecuted therefrom. Such an averment is

unnecessary. 2 Chitty's Pl. *484, and note *r;* 1 Saunders' Pl. p. 330, and note 4.

The judgment recited in the condition of the bond was in the sum of $1462.50, and the allegation of the declaration is the judgment was affirmed by the Appellate Court for the sum of $1072.22. It appeared from the transcript of the proceedings in the Appellate Court introduced in evidence by the appellee, that a *remittitur* in the sum of $390.28 was entered in the Appellate Court, and the judgment appealed from was affirmed as set forth in the declaration. Appellants urge the obligation of the bond was, the appellant insurance company would prosecute its suit with effect, and pay the judgment appealed from in the event such judgment was affirmed by the Appellate Court, and that the declaration did not aver, nor did the proof establish, the judgment appealed from was affirmed, but that in fact it was admitted the judgment was erroneous to the extent of the amount remitted, to-wit, $390.28. The argument is, the judgment appealed from was not affirmed, and that for that reason appellants were not liable to answer to the appellee under the terms and conditions of the bond.

The condition of the bond is as follows: "Now, therefore, if the said Firemen's Insurance Company shall duly prosecute its said appeal with effect, and moreover pay the amount of the judgment, costs, interests and damages rendered and to be rendered against it in case the said judgment shall be affirmed in the said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

In the case of *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 88 Ill. 431, a *remittitur* in the sum of $2500 was entered and the judgment appealed from was affirmed by this court for $4000, being the amount remaining after deducting the amount remitted. The question of the power of the Appellate Court to affirm a judgment for the amount of the judgment appealed from, less the

amount remitted, was discussed in *North Chicago Street Railroad Co.* v. *Wrixon*, 150 Ill. 532, and the conclusion reached was, that the practice had become too firmly established to be displaced or questioned. It is to be presumed the appellants entered into the bond sued on in the case at bar in view of the power so possessed by the Appellate Court, and therefore the true construction of the condition of the bond is, the obligors obligated themselves to pay any amount for which a judgment of affirmance should be entered in the Appellate Court.

It further appeared from the transcript of the judgment entered in the Appellate Court it was adjudged by that court the appellant insurance company should recover of and from the appellee its costs by it expended in the cause. It is insisted by the appellants in the case at bar it was incumbent upon the appellee to introduce proof as to the amount of such costs so adjudged by the Appellate Court, and to deduct such amount from the amount which otherwise might be due the appellee. There was no plea of set-off, and had there been, the burden of supporting such plea by proof would have devolved upon appellants. In addition to that, nothing appears to take the case out of the general rule that demands must be mutual in character and exist between the same parties to be the subject of set-off.

The judgment appealed from having been affirmed for the sum of $1072.22, it was not error to allow appellee interest at the rate of five per cent per annum on that sum from the date of the rendition of the judgment by the Superior Court. Whether the amount so allowed for interest was excessive is a question of fact, and therefore not open for review in this court.

The judgment must be and is affirmed.

*Judgment affirmed.*