INDIANA KNAPP V. CHICAGO, KANSAS & NEBRASKA
RAILROAD COMPANY ET AL.

FILED DECEMBER 22, 1898.   No. 8535.

1. **Instructions: EVIDENCE: ISSUES.** An instruction by which the jury
was informed that unless the plaintiff had established designated
issues by a preponderance of the evidence she could not recover,
and which in its statements ignored and excluded from the con-
sideration of the jury a material issue in the case, relative to
which there was much pertinent evidence, and of which it could
not be said that a finding for defendants was the only one which
the evidence would sustain, is prejudicially erroneous.

2. ———: ———: ———. The error of giving such an instruction
was not cured by other instructions on the subject of which in it
there was an omission of notice or statement.

ERROR from the district court of Gage county. Tried
below before BUSH, J. *Reversed.*

*L. M. Pemberton,* for plaintiff in error.

*Alfred Hazlett* and *W. F. Evans, contra.*

HARRISON, C. J.

The petition of the plaintiff filed herein declared upon
an alleged contract between the Chicago, Kansas & Ne-
braska Railroad Company and herself which was in the
following terms:

"This agreement, made and entered into this ——— day
of ———, A. D. 188—, by and between Indiana Knapp, of
the town of Beatrice, county of Gage and state of Ne-
braska, of the first part, and the Chicago, Kansas & Ne-
braska Railroad Company, in the state of Nebraska, of
the second part, witnesseth: That the said party of the
second part covenants and agrees to and with the said
party of the first part to build and maintain a certain
crossing, not less than twelve feet wide, nor less than
six feet high, under the tracks of the said Chicago, Kan-
sas & Nebraska Railroad Company's railroad, and com-

plete said crossing on or before January 1, 1887, upon the S. W. quarter of section 31, town 4, range 8. And the said party of the first part covenants and agrees to and with the said party of the second part for the same as follows, viz.: To accept the award of the commissioners appointed to assess the damages for the right of way over the south half of section 31, town 4, range 8 east, and to allow the removal of earth from a strip of land 300 feet, along the right of way, and 50 feet wide, commencing at the point where said railroad right of way enters said land on the east, said excavation to slope to the south and to be free of water holes and drainage from or through the right of way or adjoining land.

"And for the true and faithful performance of all and every of the covenants and agreements above mentioned, the parties to these presents bind themselves each unto the other in the penal sum of one thousand dollars as liquidated damages, to be paid by the failing party.

"In witness whereof, the parties to these presents have hereunto set their hands, the day and year last above written.                                     INDIANA KNAPP.
                                        "S. H. GILSON, .
                "Division Engineer, C. K. & N. Ry.
     "Signed, sealed, and delivered in the presence of
     "J. C. FLETCHER."

It was further pleaded that the company constructed the passage-way under its road or track during the year 1886, and the same was maintained until the month of September, 1893, or about seven years, when it was by the Chicago, Rock Island & Pacific Railway Company, which then controlled and operated the line of railway, filled and destroyed, and the plaintiff thus deprived of its use and enjoyment and of the benefit of the contract. It was also pleaded that the first named company, and with which the contract purported to be made, transferred the line of road to the Chicago, Kansas & Nebraska Railroad Company, which transferred it to the Chicago, Rock Island & Pacific Railway Company. The

plaintiff prayed for damages in the sum of $1,000 as occasioned by the breach of the contract. For the defendant the Chicago, Kansas & Nebraska Railroad Company there was an answer, in which it admitted the construction by it of the line of railroad referred to in the petition and the acquirement by condemnation proceedings of the right of way over the property of the plaintiff, and denied the contract; also the authority of the party by whom it was signed, apparently for the company, to enter into any contract or agreement of such nature for it. It was also admitted that the transfers of the line of road pleaded in the petition had been made. For the Chicago, Rock Island & Pacific Railway Company there was filed a general denial. After a reply for the plaintiff the issues were tried, and a verdict and judgment ensued for the defendants. The plaintiff presents the cause to this court by a proceeding in error.

Of the errors assigned was that of the giving in charge to the jury an instruction numbered 8 requested for the defendants, which was as follows: "The jury are instructed that the plaintiff cannot recover in this action against the defendants, or any or either of them, on her alleged cause of action in this case without first establishing by a preponderance of the evidence that S. H. Gilson, who is alleged to have signed the contract, a copy of which is attached to plaintiff's petition, was the agent of the defendant the Chicago, Kansas & Nebraska Railroad Company, and that the making of such contract was within the general or apparent scope of his authority." This made it obligatory upon the plaintiff to show by a preponderance of the evidence that the party who ostensibly, at least, signed the contract in suit for one of the defendants was then its agent and possessed real or apparent authority to enter into the contract for the company named therein. These facts were by the instruction required to be established before the plaintiff could be accorded a verdict, and this regardless of what might be proven on other material points or branches of

the case.   It is stated in the brief filed for the defendants that there are three principal questions involved in the controversy:   (1.) What authority did the engineer Gilson possess?   (2.) Was the making of such a contract within either the direct or apparent authority of the engineer who signed it?   (3.) Was there a ratification of the contract by the defendants or either of them?   A careful examination of the record discloses that the question of ratification was a material one and relative to which there was much pertinent matter introduced in evidence.   It was made by the evidence on the subject a point to be, to say the least, fairly submitted to the jury, and one upon which it cannot be correctly asserted that a finding for defendants was the only one that could have been returned, and the vice of the instruction which we have quoted is in that it ignored the issue of ratification and excluded it from the consideration of the jury.   It is argued for the defendants that the error in this instruction was cured by other instructions given which dealt exclusively with the subject of ratification.   This could not, and did not, if true, do what is claimed for it.   It could and did but constitute a conflict in the instructions. That correct instructions were given would not palliate the error in the one or rob it of its power for mischief or prejudice.   (*Wasson v. Palmer*, 13 Neb. 376; *First Nat. Bank of Denver v. Lowrey*, 36 Neb. 290.)   It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.