Motion to dismiss appeal denied January 3; argued March 31;
affirmed April 25, 1933

# HOPKA *v.* FORBES ET AL.

## (21 P. (2d) 218)

*John Irwin,* of Klamath Falls, and *R. C. Bradshaw,* of Portland (J. C. O'Neill and O'Neill & Irwin, all of Klamath Falls, on the brief) for appellant.

*J. H. Carnahan,* of Klamath Falls (Fred D. Fletcher, of Klamath Falls, on the brief) for respondent.

BELT, J.  On January 21, 1930, plaintiff commenced a forcible entry and detainer action to recover possession of a building in Klamath Falls, Oregon, which he had leased to the defendant Forbes for a period of five years beginning January 14, 1925. The lease contained the following provision:

"3.  At least thirty (30) days before the expiration of the term of the lease the lessee shall give the lessor written notice of an intention to surrender said premises at the expiration of such term and if such notice be not given, the lessee shall be liable for an additional monthly instalment of rent at the same rate as for the last month of the term".

The lessee did not give notice in accordance with the above provision but continued to occupy the premises and tendered as rental for the month next following the expiration of the term a check for $200, that being the amount of the stipulated rental paid for the last preceding month. Plaintiff refused to accept such tender and commenced action to oust the defendant. In answer to the complaint the defendant admitted the execution of the lease and the ownership of the premises, but denied generally all the other allegations of such pleading. An equitable defense was also inter-

posed to the law action to the effect that there was
an oral agreement for an extension of the lease and
that plaintiff should be compelled to specifically per-
form such agreement. Upon issue being joined the
court proceeded to hear and determine the equitable
matter designated as a "cross bill". After having
determined the issues in equity adversely to the de-
fendant, the court, over objection, received evidence
in support of the amended complaint in forcible entry
and detainer. Thereafter it was adjudged and decreed
that plaintiff recover possession of the premises
"within a period of 30 days from and after January
15, 1930". This decree was affirmed on appeal with
the modification that defendant was awarded costs and
disbursements in this and in the lower court (*Hopka
v. Forbes,* 135 Or. 91 (294 P. 342)).

In the former appeal the defendant filed notice of
appeal, briefs and abstract of record on what might
be termed the equity side of the court and also a sepa-
rate notice of appeal, briefs and abstract of record in
the action of forcible entry and detainer. A bond was
executed for "damages and costs and disbursements"
in what defendant designated as the proceeding in
equity and a bond was also executed in the forcible
entry and detainer action wherein it is recited that the
defendant "Forbes, as principal, and James M. Jones
of Klamath Falls, Oregon, and James Ryan of Klamath
Falls, Oregon, and ——————, of Klamath Falls,
Oregon, as sureties do severally and jointly under-
take, agree and promise upon the part of the appellant,
Frederick C. Forbes, that said appellant, Frederick C.
Forbes, will pay and is bounden to pay W. F. Hopka,
the above named plaintiff, twice the rental value of
the premises above described of which restitution shall
be adjudged from the commencement of the above en-

titled action until final judgment *is* said action, if such judgment and decree shall be affirmed upon said appeal  *  *  *.''

Upon issuance of the mandate the defendant Forbes on January 18, 1931, vacated the premises and thereupon plaintiff instituted the present action to recover on the double rental bond executed by the defendant and his two sureties. In the action on the bond the sole issue submitted to the jury was the ''reasonable single rental value of the premises for the period commencing February 14, 1930, and ending January 18, 1931''. Verdict was returned in favor of the plaintiff and against the defendants in the sum of $2,226.35, whereupon the court entered judgment against the defendants for twice such rental value under the terms of the statutory bond, or for the sum of $4,452.70. It will be recalled that in the former proceeding judgment was rendered against defendant for $200 for the month preceding February, 1930.

A rather extended statement of the case has been made in order to comprehend the main contention of defendant appellant that the action in forcible entry and detainer was not determined and therefore the double rental bond, which is the basis of the present action, is null and void. Defendants further contend that the forcible entry and detainer action was premature and that at the commencement of such action the defendant lessee under the terms of the lease was entitled to possession of the premises. It is also asserted in effect by appellant that the only judgment which could be entered in a forcible entry and detainer action, when tried by the court without a jury, under and by virtue of section 5-218, Oregon Code 1930, is one for restitution of the premises and that the ''decree'' directing restitution at a future date is null and void.

■■ It is not our purpose to review against propositions of law advanced by defendant which were settled on former appeal. It is the "law of the case" that plaintiff was entitled to possession "within 30 days from and after January 15, 1930". In order to remain in possession pending appeal from the decree giving possession to the plaintiff as therein specified, the defendants executed the double rental bond as provided in section 5-221, Oregon Code 1930. It was only by virtue of such bond that the lessee was permitted to remain in possession from February 14, 1930, to January 18, 1931, for which time he has paid no rent. Is he now in a position to say that the bond is null and void? We think not.

In *Pierson v. Lawyer*, 225 Ill. App. 400, a judgment in an action on appeal bond was upheld even though the bond failed, in the language of the statute, to provide for the payment of "all rent then due or that may become due before the final determination of the suit". The court said:

"While the bond sued upon was not a good statutory bond, it is binding upon appellants as a common-law obligation. It obligated appellants to pay 'all damages and loss which the said plaintiffs herein shall sustain by reason of the withholding of the possession of the premises.' Appellants having obtained all the benefits of the bond, they are now estopped from denying its binding obligation".

Also to the same effect see *U. S. Fidelity & Guaranty Co. v. Ettenheimer*, 70 Neb. 147 (99 N. W. 652).

In *Stevenson v. Morgan*, 67 Neb. 207 (93 N. W. 180, 108 Am. St. Rep. 629), an appeal bond given in a forcible entry and detainer action was held to be a binding obligation even though the statute authorizing it was thereafter held unconstitutional. The syllabus of the court thus states:

"1. A bond executed in pursuance of a statute is not necessarily rendered void because the statute is afterwards pronounced unconstitutional.

"2. The test of the enforceability of such a bond is whether a consideration exists independent of the statute. If so, and the bond has the other essentials of a common-law contract, it may be enforced.

"3. Recovery is permissible on a bond given in an appeal from a justice of the peace in a forcible entry and detention proceeding, though the statute authorizing such bond is afterwards declared unconstitutional, provided the obligor has been thereby enabled to retain possession of the premises".

Undoubtedly in the instant case there was a consideration for the rental bond. We agree with appellants that if there was no consideration for the bond an action could not be based thereon.

We cannot agree with appellants that there was no determination of the forcible entry and detainer action. Evidently the appellants thought equity had made a complete determination of the controversy. If not, for what purpose was the double rental bond executed? What was the object of the separate notice of appeal and abstract of record? We also note in the appeal bond the significant recital: "* * * wherein and whereby said judgment and decree, adjudged and decreed that the above named plaintiff have restitution of that certain premises * * *." Furthermore, in defendant's answer it was admitted that "the undertaking for double rent was made and filed to perfect the appeal, and that said undertaking was made pursuant to law in actions of forcible entry and detainer upon appeal".

Apparently the trial court, in making a complete determination of the controversy, applied the law as

announced in *Bell v. Spain,* 110 Or. 114 (222 P. 322, 223 P. 235), wherein Mr. Justice Bean, speaking for the court, said:

"When an equitable defense to a law action is interposed pursuant to the provision of section 390, Or. L., after the trial of the issue, it is possible that a decree may be rendered in conformity to equitable principles and in accordance with the facts and issues in the case, and dependent thereon, to the purport (1) Perpetually enjoining the action at law; (2) allowing the action at law to proceed; or (3) granting such equitable relief to either party as may be proper, under the issues and in accordance with the facts of the case".

Notwithstanding there was no plea in abatement interposed, it may be, as stated in the opinion of this court on former appeal, that the trial court found the action in forcible entry and detainer premature. Nevertheless, the action was not dismissed and there was entered a decree, more favorable to the lessee than the law warranted, directing restitution of the property, which decree was affirmed on appeal.

■ Plaintiff was entitled, as a matter of law, to possession of the premises at the commencement of the forcible entry and detainer action, but since no cross appeal was taken from the decree fixing restitution at a future date, the rights of the plaintiff must be determined by the decree as rendered and affirmed on appeal. The provision of the lease relative to liability for "an additional monthly instalment of rent" upon failure to give 30 days' notice of an intention to surrender possession at expiration of the term is in the nature of a penalty.

■ The mere fact that the decree was modified as to costs and disbursements does not preclude plaintiff from maintaining an action on the appeal bond. The judgment relative to restitution of the property was

affirmed. True, restitution was not adjudged from commencement of the forcible entry and detainer action, but the defendant Forbes and his sureties would nevertheless be bound to pay twice the rental value from the date it was adjudged that plaintiff was entitled to possession. In principle the instant action is analogous to *Harding v. Kuessner,* 172 Ill. 125, 49 N. E. 1001, wherein the judgment recited in the bond was $1,462.50 and, on appeal, was reduced to $1,172.22. It was held that an action could be maintained on the appeal bond to recover the amount in which the judgment was affirmed. In the instant case the only change in the decree of the lower court was in reference to costs, and such modification rested entirely within the discretion of the court.

■ No error was committed in refusing to allow counsel for appellant to make an argument to the jury relative to their construction of the opinion of this court rendered on former appeal. We apprehend that any argument made would not have changed the law of the case. There was only one issue for the jury to decide and that was the single rental value of the premises.

■ Neither do we think it was error for the court to enter judgment for double the amount of the rental as found by the verdict of the jury.

■ Appellant Forbes has enjoyed all the benefits of the double rental bond which he and his sureties executed; it was only by virtue of such bond that the lessee was permitted to retain possession of the premises; and we conclude that by reason thereof the appellants are estopped from questioning the validity of such undertaking.

It follows that the judgment of the lower court is affirmed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.