IN RE ESTATE OF MERTON E. HOUSE.
FRED C. WARNEMUNDE, CLAIMANT, APPELLEE, v. W. ROLLIN
SMITH, ADMINISTRATOR WITH THE WILL ANNEXED,
OBJECTOR, APPELLANT.
17 N. W. 2d 883

FILED MARCH 2, 1945. No. 31811.

*Frank M. Johnson,* for appellant.

*Cook & Cook, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

This action is an appeal by the administrator with will annexed from the allowance of a claim filed against the estate of Merton E. House, deceased. The claim was based on a promissory note for $213.50, dated October 14, 1929, and by an error was due January 14, 1929, said note bearing a purported endorsement, "6-2-38 cr by ck = $13.32." The county court allowed the claim, after a hearing upon the objections, and the administrator appealed to the district court.

The case was tried to a jury in the district court. The verdict was for $200.18, as the trial court instructed the jury if the finding was for the claimant not to figure the interest. The district judge thereupon computed the interest and entered a judgment for claimant in the sum of $492.94, with interest at 10 per cent. See *Calnon v. Fidelity-Phenix Fire Ins. Co.,* 114 Neb. 194, 206 N. W. 765.

The motion for a new trial set out 14 assignments of er-

ror. Three of these assignments relate to a charge that the attorney for claimant in his opening statement informed the jury of the results of the trial in the lower court. Affidavits were filed by claimant's attorney, who denied making the statement. Counter-affidavits were filed.

To properly preserve such an error, the statement must be taken down by the court reporter, with objections as made and the court's ruling thereon. See *Rose v. Gisi,* 139 Neb. 593, 298 N. W. 333; *Bolar v. Williams,* 14 Neb. 386, 15 N. W. 716.

The administrator claims that the trial court erred in not declaring a mistrial because of such statement. However, the record does not show a demand for a mistrial, but shows simply an objection. One may not complain of misconduct of adverse counsel if, with knowledge of such misconduct, he does not ask for a mistrial, but consents to take the chances of a favorable verdict. See *Long v. Crystal Refrigerator Co.,* 134 Neb. 44, 277 N. W. 830; *Dunn v. Omaha & C. B. Street Ry. Co.,* 139 Neb. 765, 298 N. W. 741; *Hopka v. Forbes,* 142 Or. 684, 21 Pac. 2d 218.

The promissory note upon which this claim is founded would have been long barred by the statute of limitations unless the credit of a payment of $13.32, appearing as an endorsement, is supported by a preponderance of the evidence.

It appears that Dr. House carried a fire insurance policy through the office of the claimant in this case, and that the annual premiums due thereon were $13.32.

Exhibit B, to which the objection as irrelevant and immaterial was overruled by the court, is an "Extension Endorsement," No. 35179, of the Union Fire Insurance Company, of Lincoln, Nebraska, showing that policy No. 257207, issued to Dr. M. E. House, is continued in force from June 5, 1937, to June 5, 1938, and that the annual premium is $13.32, which may be paid by paying $10.66 in advance and $2.66 at the end of the year. This receipt is dated June 5, 1937, and signed by F. C. Warnemunde, Jr., as authorized representative.

Exhibit C, received over the same objections, is the Extension Endorsement No. 39221, continuing the policy in force from June 5, 1938, to June 5, 1939, and is also signed by F. C. Warnemunde, Jr., as authorized representative.

Exhibit H is the ledger sheet of the account of Dr. House in the Lexington State Bank, and shows that a check was charged against his account on June 2, 1938, in the sum of $13.32, this being the exact amount of the premium due upon this insurance policy. Said exhibit H also shows a charge against this account on June 16, 1938, in the sum of $10.66.

The deposition of F. C. Warnemunde, Jr., was taken at Fort Lewis, Washington, where he was in military service. He testified that from June, 1936, to December, 1940, he was in the insurance business at Lexington, Nebraska, in the same office with his father, but they were not in partnership; that Dr. House carried insurance policies with his father, but seldom paid when the policies were issued. As to the endorsement on the note, he answered as follows: "I went to the office of Dr. M. E. House to make a collection on the note and he wrote out a check for $13.32 and said that was the amount of the premium—I said the premium had been paid and I wanted a payment on the note. He said to apply his check of $13.32 on the note."

The assignments of error charge that the trial court committed error in excluding exhibit A, being an unsigned office copy of the insurance policy of Dr. House, furnished from the Lincoln office, also in excluding exhibit D, the receipt given by F. C. Warnemunde, Jr., on July 7, 1937, for $13.32 insurance premium, and exhibits E and F, being extension endorsement for premium from June 5, 1939, to June 5, 1940, and bank check of $13.32 given by Dr. House on June 10, 1939, in payment thereof, and exhibit G, being receipted statement for such check given by claimant.

In our opinion, exhibits A, D, and G were properly excluded, for no sufficient foundation was laid for their admission. However, it was error for the trial court to exclude exhibits E and F, which gave the form of the receipt,

the time and the manner as well as the amount of the check given by Dr. House for the payment of the annual premium on this same policy in the year immediately following the transaction in question.

This court has said: "If the testimony for and against the account stated had been largely circumstantial, or enshrouded in doubt, or ambiguous, then the introduction of collateral facts or circumstances might have been permissible; * * * ." *Landis & Schick v. Watts,* 84 Neb. 671, 121 N. W. 980.

In 1 Elliott, Evidence, sec. 144, p. 199, it is said: "As a general proposition, therefore, it may be said that any evidence that tends in any reasonable degree to establish the probability or improbability of a fact in issue, no matter how slight its weight may be, is relevant. * * * It is not necessary, however, that it should in itself bear directly upon the point in issue, for if it is but a link in the chain of evidence tending to prove the issue by reasonable inference it may nevertheless be relevant. Indeed, evidence which tends to make the testimony of witnesses probable or improbable may sometimes be competent."

The appellant makes a vigorous attack on instruction No. 5, which reads as follows:

"The Jury are instructed that the burden of proof is upon the Claimant, F. C. Warnemunde in this action and before he can recover at all, it is incumbent upon him to prove by a preponderance of the evidence the following propositions to wit:

"No. 1. That the claimant, F. C. Warnemunde, is the owner and holder of a promissory note, and entitled to recover from the Estate of Merton E. House, the principal and interest due on said note, less any payments that have been made on the same.

"No. 2 That said note is dated October 14, 1929, given for $213.50, bearing interest at 8% semi-annually from date until, due, and ten per cent until maturity.
and all of the above and foregoing propositions by a pre-
"If the Claimant F. C. Warnemunde has established each

ponderance of the evidence, then your verdict should be for him for whatever amount he has established by a preponderance of the evidence; if the claimant has failed to established the above and foregoing propositions by a preponderance of the evidence, then your verdict should be for the Estate of Merton E. House, Deceased."

This instruction No. 5 is a complete instruction, and is prejudicially erroneous in not setting forth all of the facts which the plaintiff must prove by a preponderance of the evidence, for this instruction assumes that the payment was made, as shown, on the note; whereas, the serious question at issue in the case is whether the check given by Dr. House was to be a payment of the insurance premium annually due at that time, or was a partial payment of the same amount to be applied on the note.

"An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established.

"Where such instruction is complete in itself, the error therein is not cured by the giving of other instructions which correctly state the law or the facts essential to a recovery by such party." *Sanders v. Chicago, B. & Q. R. Co.*, 138 Neb. 67, 292 N. W. 35.

Now, as to instruction No. 6, about which complaint is made, we do not believe that it was erroneous because the first part thereof was charged in the negative form if instruction No. 5 had correctly presented the issues. However, in their present form instructions Nos. 5 and 6 are conflicting and misleading, and presented the issues to the jury in a manner prejudicial to the estate.

In our opinion, these several prejudicial errors occurring in the trial of the case require a reversal, and the cause is reversed and remanded for further proceedings.

REVERSED.