WILLIAM LAMBERTH, APPELLANT, V. OMAHA AND COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

19 N. W. 2d 164

FILED JUNE 8, 1945. No. 31888.

*Henry F. Pedersen,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,. YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This action was filed in the district court for Douglas county to recover damages for personal injuries alleged to have been sustained by plaintiff in a collision between plaintiff's truck and defendant's street car. Trial to a jury resulted in a verdict for defendant upon which the trial court entered judgment. Motion for new trial was overruled and plaintiff appealed, assigning as error that instructions given by the trial court numbered 1 to and including 7, respec-

tively, were erroneous, and that the verdict and judgment entered thereon are not sustained by the evidence. We find that instruction number 6 was erroneous and prejudicial to plaintiff's rights but that all of plaintiff's other assignments of error are without merit.

The plaintiff adduced competent evidence in his behalf substantially in conformity with and supporting the material allegations of his petition. It is in substance that on December 19, 1942, at about 11:20 p. m., plaintiff was driving his lighted one and one-half ton truck north on North Twenty-fourth street in Omaha, Nebraska. It was cold, snowing at intervals, and the streets were icy and slippery. He was driving north astride defendant's northbound track at approximately 15 miles an hour. A car parked at the east curb suddenly pulled out to the left, eight or ten feet in front of him. Plaintiff blew his horn and swerved his truck left to avoid striking the car. To avoid going too far to the left he then put on his brakes and stopped, headed north and to the east on defendant's southbound track. At that time the evidence is that defendant's lighted street car traveling south was more than a block away from him. Plaintiff then started to pull his truck off the southbound track but because of the icy condition of the street the wheels slipped, his truck was stalled and would not move off the track. By that time defendant's street car was approximately 100 to 125 feet away coming toward him without slackened speed at approximately 20 miles per hour. Plaintiff's wheels on the truck continued to spin and the back end of it slid around to the east until the truck stood in a north and westerly direction. The street car gong was sounded and although the street car could have been stopped within 40 or 50 feet it came on without slackened speed and the left front of it crashed into the plaintiff's truck with great force and violence shoving it back 18 or 20 feet to the southeast and against a parked car. There was evidence adduced by and in behalf of plaintiff that he suffered painful, serious and permanent injuries and damages in the collision.

Defendant then adduced competent evidence substantial-

ly in conformity with and supporting the material allegations of its answer. Its witnesses admit that it was cold, blustery and snowing at times. Its evidence is in substance that the southbound track is slightly down grade to the point of collision. A block or a block and a half away the motorman driving defendant's street car south, 15 or 20 miles an hour, saw the lights of plaintiff's truck driving north astride the northbound track on its own side of the street at a rate of speed estimated to be 15 miles an hour. The motorman was watching and suddenly plaintiff's headlights were shining into the motorman's eyes and plaintiff's truck was headed northwest over on the southbound track almost directly into the street car, 40, 50 or 75 feet away. The motorman sounded the gong, put on his brakes, slowed down to 10 or 12 miles an hour and the impact came, throwing plaintiff's truck into a parked car to the southeast. The motorman testified that plaintiff did not stop or slow down and was in motion at the time of the impact. He never saw the car of plaintiff stopped with its wheels spinning 100 or 125 feet away. Other witnesses who were passengers on the street car testified that plaintiff's truck was in motion at the time of the impact but were unable to estimate his speed. The motorman testified that at 15 to 20 miles an hour it was possible to stop the street car within 40 or 50 feet by the use of the instruments at his disposal. There was evidence adduced by defendant that the injuries and damages suffered by plaintiff in the collision were not as serious or extensive as claimed by him.

Bearing all this evidence in mind, together with the issues presented by the pleadings, we have examined the instructions about which plaintiff complains. In doing so we are unable to find that instructions numbered 1, 2, 3, 4, 5 or 7 given by the trial court were prejudicially erroneous to any rights of plaintiff requiring reversal. In view of the disposition of the case hereafter made we do not consider it necessary to discuss them separately.

However, instruction number 6 about which plaintiff complains is a more serious matter. In that instruction,

which is complete in and of itself, the trial court told the jury: "If you find that the plaintiff ran into the street car of the defendant, in that event plaintiff's negligence would bar his recovery and your verdict would have to be for the defendant."

In conformity with rules which are well established in this jurisdiction we have only recently held that: "An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established." "Where such instruction is complete in itself, the error therein is not cured by the giving of other instructions which correctly state the law or the facts essential to a recovery by such party." *In re Estate of House,* 145 Neb. 670, 17 N. W. 2d 883. See, also, *Sanders v. Chicago, B. & Q. R. Co.,* 138 Neb. 67, 292 N. W. 35.

A mere reading of instruction number 6 demonstrates that it does not include every fact necessary to sustain a verdict in favor of the defendant and an examination of the record discloses that the omitted facts were controverted and not conclusively established.

In *Kor v. American Eagle Fire Ins. Co.,* 104 Neb. 610, 178 N. W. 182, this court held: "An instruction which ignores the principal issues in the case, and authorizes the jury to base their verdict upon their finding as to a single controverted fact not decisive of those issues, is erroneous." See, also, *Knapp v. Chicago, K. & N. R. Co.,* 57 Neb. 195, 77 N. W. 656. The issues for decision by the jury were the alleged negligence of the parties as respectively charged in plaintiff's petition and defendant's answer. The mere fact alone that plaintiff's truck may have been moving forward at the time of the impact or collision with defendant's street car would not in and of itself under the circumstances presented be negligence *per se* and prevent plaintiff's recovery or require the jury to return a verdict for defendant. By instruction number 6 the trial court in effect told the jury that it did.

We find that the instruction as given by the trial court comes squarely within the rules above quoted. Clearly it was erroneous and prejudicial to plaintiff's rights. Therefore the judgment is reversed and the cause is remanded for a new trial.

REVERSED.

The following opinion on motion for rehearing was filed January 18, 1946. *Former opinion modified; former judgment vacated and set aside and judgment affirmed.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action to recover for personal injuries sustained by plaintiff in a collision between plaintiff's truck and defendant's street car. In a previous opinion *ante*, p. 213, 19 N. W. 2d 164, we reversed a judgment for the defendant and remanded the case for a new trial because of error in the giving of instruction number six. After a further consideration of the case we are of the opinion that we were in error in holding that the instruction was erroneous under the record we have before us.

The facts stated in our previous opinion correctly reflect the record and they will not again be detailed here except so far as is necessary to a proper determination of the case.

The theory upon which plaintiff seeks to recover is that he turned out to pass a car pulling out from the curb and, after proceeding 18 to 20 feet beyond the car, came to a complete stop on defendant's streetcar track. He says that in attempting to get off the track his wheels spun around on the snow and ice and that he was unable to move because

of a lack of traction. Plaintiff contends that the streetcar did not slacken its speed and crashed into his truck, when by stopping the streetcar, which the operator had ample time to do, the accident could have been avoided.

The theory of the defendant is that the plaintiff suddenly turned out to pass the car pulling out from the curb, turned to the left side of the street onto the southbound streetcar track without slackening his speed and ran into the streetcar.

It seems to us that the two theories upon which the case was tried conflict in such a manner that the controlling question is whether the truck was traveling up the car track as alleged by the defendant or stalled on the track as alleged by the plaintiff. The trial court simplified the issues by stating in effect that if the truck was traveling north on the streetcar track and ran into the streetcar, the defendant should recover, but if the car was stalled on the track and the streetcar ran into it, plaintiff should recover. The language of the instructions by which the court sought to submit this issue to the jury is contained in instructions six and seven as follows:

"If you find that the plaintiff ran into the street car of the defendant, in that event plaintiff's negligence would bar his recovery and your verdict would have to be for the defendant."

"If you find from a preponderance of the evidence that the plaintiff's truck was stalled upon the track in front of the southbound street car, but that its position of danger could not in the exercise of ordinary care have been discovered by the motorman in time to have averted a collision by the appliances on hand, the plaintiff would not be entitled to recover; or that the truck appeared in its stalled condition in such close proximity to the street car that the motorman was confronted with a sudden emergency not due to his own negligence and had insufficient time to determine with certainty the best appliances to be used to stop the car, but pursued a course of action to avoid the accident such as a person of ordinary prudence placed in like position might

choose, the motorman would not be guilty of negligence even though he did not adopt the wisest choice, and if under those conditions you find that the motorman used ordinary care there would be no liability on the part of the defendant. If on the other hand, the plaintiff's situation on the track could in the exercise of ordinary care have been discovered by the motorman in time to have averted the accident, and the plaintiff has established all the propositions set out in Instruction No. 3, the defendant would be liable and your verdict would be for the plaintiff."

It seems clear to us that the evidence adduced in support of the issues upon which the case was tried resolved itself into one simple question: Was the truck traveling up the street or was it stalled on the streetcar track at the time of the collision? If the jury found the former to be the fact it is clear that plaintiff was guilty of contributory negligence sufficient to defeat his claim, as the court stated in its instruction number six. If the jury found the latter to be the fact then instruction number seven should be applied. This method of simplifying an issue when the evidence justifies is to be commended, not only because of its brevity but also because it makes plain to the jury the point before it for determination. The trial court is charged with the duty of informing the jury of the legal effect of facts which they find to be true from the evidence. This duty is no less the function of the court when the controlling facts are simple than when they are complicated and it in no way conflicts with the rule announced in *Kor v. American Eagle Fire Ins. Co.*, 104 Neb. 610, 178 N. W. 182. The jury found that the truck was traveling north on the streetcar track and ran into the streetcar. The court properly informed the jury by instruction number six that if they found such fact to be true their verdict as a matter of law should be for the defendant. The jury heard the evidence, they knew what the conflicting contentions of the parties were, and the court's instructions six and seven were so plain that the jury could not have been misled.

We now hold that instruction number six was not erro-

neous under the evidence appearing in the record before us. All other errors assigned are correctly disposed of in our former opinion. We hereby vacate our former order reversing the judgment of affirmance and remanding the cause, and enter a judgment of affirmance in its stead.

AFFIRMED.

CHAPPELL, J., dissenting.

I do not agree with the majority and briefly state the reasons. As recently as *In re Estate of House*, 145 Neb. 670, 17 N. W. 2d 883 (in conformity with *Sanders v. Chicago, B. & Q. R. Co.*, 138 Neb. 67, 292 N. W. 35; *Bauer & Johnson Co. v. National Roofing Co.*, 107 Neb. 831, 187 N. W. 59; *Standard Distilling & Distributing Co. v. Harris*, 75 Neb. 480, 106 N. W. 582; *Knight v. Denman*, 64 Neb. 814, 90 N. W. 863; and *Knapp v. Chicago, K. & N. R. Co.*, 57 Neb. 195, 77 N. W. 656), this court held: "An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established." It was also held: "Where such instruction is complete in itself, the error therein is not cured by the giving of other instructions which correctly state the law or the facts essential to a recovery by such party."

In connection with the latter rule it is aptly stated in *Knight v. Denman, supra*: "Other instructions may supply details or amplify and explain. But where an instruction, as in this case, covers the whole field explicitly, and purports to tell all that is required to bar the plaintiff's action, the further instructions are simply in conflict with it and can only produce confusion and misunderstanding."

Instruction No. 6 given by the trial court in the case at bar reads in toto: "If you find that the plaintiff ran into the street car of the defendant, in that event plaintiff's negligence would bar his recovery and your verdict would have to be for the defendant."

Clearly, standing alone, it is an instruction complete within itself and I am of the opinion that it does not state even

a single controverted fact necessary to sustain or correctly expound a proposition of law which could sustain a verdict and judgment for defendant, although it erroneously purports to do so. In such a situation the instruction is prejudicially erroneous by virtue of the above well-established authorities and cases cited therein which also hold that even if other instructions given correctly state the law or the facts essential to a recovery the error is not remedied thereby.

It appears to me that the majority opinion has arrived at a contrary conclusion in the case at bar without in any manner distinguishing, modifying, or overruling the former opinions of this court which uniformity of procedure and justice should demand. As a matter of course such cases usually have two theories and it is the duty of the trial court to fully and correctly instruct the jury upon both of them.

For the reasons heretofore stated, I believe that the cause should have been reversed and remanded for a new trial.

YEAGER, J., concurs in the dissent.