*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 22, 2025
9:38 AM

Plaintiff-Appellee,

v

No. 370366
Macomb Circuit Court
LC No. 2015-004438-FC

KYLE NICKOLAS KING-SYTSMA,

Defendant-Appellant.

Before: YOUNG, P.J., and LETICA and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying his motion for restoration of appellate rights under MCR 6.428. Because the trial court did not provide any rationale for its decision, we vacate and remand.

## I. BACKGROUND AND FACTS

In 2016, defendant pleaded no contest to two counts of first-degree criminal sexual conduct. In May of that year, the trial court sentenced him to 25 to 50 years in prison. During the sentencing hearing, the sentencing court provided defendant with forms related to his appeal. The following exchange occurred:

THE COURT: Sir, you're Entitled [sic] as a matter [of] constitutional right to file an application for leave to appeal your conviction and sentence. If you are

---

[1] *People v King-Sytsma*, unpublished order of the Court of Appeals, entered November 11, 2024 (Docket No. 370366).

financially unable to provide counsel to perfect such appeal, the Court will appoint counsel for you. Request for assistance of counsel must be made in 42 days.

Are you signing the form that was handed to you, sir.

THE DEFENDANT: Yes.

THE COURT: All right. That is all.

The record reflects that on the day that defendant was sentenced, a form captioned "NOTICE OF RIGHT TO TIMELY APPEAL" was filed. The form specifically advised: "**This is only a NOTICE and is not a request for appointment of counsel!**" The form further explained: "A request for the appointment of an attorney must be made in writing on the Request for Appointment of Appellate Counsel form and sent directly to: Judicial Aide" at the address for the Macomb County Circuit Court "**within 42 days after your sentencing!**" The form also contained a section entitled **RECEIPT OF NOTICE OF APPEAL RIGHTS**. It read:

| RECEIPT OF NOTICE OF APPEAL RIGHTS |
| --- |

On this day I received this form and the Request for Appointment of Appellate Counsel form. I understand that I must return the completed Request for Appointment of Appellate Counsel form to the Judicial Aide Department within 42 days if I want an attorney appointed for my appeal.

_____5-10-16_____       _____
Date                         Signature of defendant

**THIS IS ONLY A NOTICE! THE REQUEST FOR APPOINTMENT OF APPELLATE COUNSEL FORM MUST BE FILLED OUT AND SENT TO JUDICIAL AIDE TO REQUEST APPOINTMENT OF APPELLATE COUNSEL!**

No request for court-appointed appellate counsel is contained in the lower court record and no application for leave to appeal was filed from defendant's judgment of sentence. Instead, in 2019, defendant filed a motion in the trial court for discovery of specified items "to further help with Defendant's appeal process." The trial court denied the motion on the basis that defendant did not follow the process in MCR 6.433 to request discovery, and that the case was closed.

In early 2023, before filing the motion that is the subject of this appeal, defendant, acting *in propia persona*, filed two motions for restoration of appellate rights. In the first motion, filed January 4, 2023, defendant argued that he was entitled to relief under the amended version of MCR 6.428, because although trial counsel was required to give defendant the pertinent appeal paperwork for his signature and then submit them to the court, "[t]his process was not done." The trial court denied the motion, reasoning that defendant signed a "Notice of Right to Timely Appeal" form which stated that defendant was provided a "Request for Appointment of Appellate Counsel" form and understood that he must return the form within 42 days. Thus, the trial court reasoned, "[t]he record evidence contradicts defendant's claim that trial counsel failed to take any required action." Defendant did not seek leave to appeal the denial of his motion.

On April 28, 2023, defendant filed his second motion for restoration of appellate rights, which was identical in content to the first. He also moved for production of certain transcripts and documents on the same day. The trial court denied both motions in a single opinion and order. It recognized that defendant had merely refiled the previous motion for restoration of appellate rights, and reasoned that defendant's previous motion was denied and that the new motion did not offer an alternative basis to grant relief. Defendant again did not seek leave to appeal.

Defendant subsequently mailed correspondence dated December 30, 2023 to the trial court, which was time-stamped as received on January 25, 2024. In the letter, which was sworn and notarized, defendant stated, "I distinctly recall signing the appeal and appointment of counsel forms at sentencing and giving them to my lawyer and he was to submit them to the court, so it was Counsel's negligence, which constitutes 'factors outside [of my] control.' " The trial court later treated the correspondence as a motion and denied it in an opinion and order on March 18, 2024, concluding that defendant "never had an appeal by right" and he improperly requested relief that the court had already denied.

In the interim, on February 26, 2024, defendant, continuing to act *in propia persona*, filed the motion at issue in this appeal, titled "motion for reinstatement of appellate rights and appointment of appellate counsel pursuant to MCR 6.428." Defendant contended that he "was given a right to appeal and request for appointment of counsel form [sic] and that he signed the form there in court and gave it to his attorney . . . for submission to the [c]ourt;" however, he never received any follow-up from the court regarding his appeal.[2]

On March 11, 2024, the trial court entered an order denying the motion. It did so without a hearing, and did not explain its decision in writing; the order simply checks a box stating: "THIS MOTION IS DENIED[.]" Defendant then filed an application for leave to appeal, arguing that the trial court erred by denying his motion because he never had a first-tier appeal and had demonstrated to the trial court that the failure to file an appeal was through no fault of his own, but because of counsel and factors outside of his control. This Court granted the application and, on its own motion, directed the trial court to appoint counsel to represent defendant in this appeal.

---

[2] During oral argument, defendant's appellate counsel noted that trial counsel requested extraordinary attorney fees for his representation on April 16, 2016, stating in part:

> [He] is going to attempt to assist the Defendant's family to the best of his ability in their post-sentencing pursuits of addressing Michigan's mandatory minimum law in cases such as these, a statute that they (and . . . [defense counsel]) feel is overly punitive and needs to be modified. Defense counsel has already had some discussions with the family about what they can pursue to seek this reconsideration and hopeful review, which may very well provide the Defendant with some type of relief well before his 25[-]year mandatory minimum sentence is completed.

In appellate counsel's view, trial counsel's recognition that post-sentencing relief would be sought supported defendant's contention that counsel was aware of defendant's intention to appeal.

*People v King-Sytsma*, unpublished order of the Court of Appeals, entered November 1, 2024 (Docket No. 370366).

Defendant now appeals, with assistance of counsel, the trial court's March 11, 2024 order.[3]

## II. STANDARD OF REVIEW

We review the denial of a motion for restoration of appellate rights for abuse of discretion. See *People v Tardy*, 348 Mich App 500, 509; 19 NW2d 164 (2023); *People v Byars*, 346 Mich App 554, 563; 13 NW3d 328 (2023). "A court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes." *Id.* at 563. A trial court necessarily abuses its discretion when it makes an error of law. *People v Good*, 346 Mich App 275, 282; 12 NW3d 79 (2023) (cleaned up). The interpretation of court rules are questions of law we review de novo, while any underlying factual findings are reviewed for clear error. *Tardy*, 348 Mich App at 509.

## III. ANALYSIS

On appeal, defendant argues that under the current version of MCR 6.428, he is entitled to the restoration of his appellate rights because he has shown that his appellate rights were denied because of factors outside of his control—that he delivered the completed "request for appointment of appellate counsel" form to trial counsel, but counsel never provided it to the court. We decline to resolve defendant's substantive arguments because we are unable to discern the basis for the trial court's decision to deny defendant's motion. Accordingly, we vacate and remand.

MCR 6.428 was formerly titled "Reissuance of Judgment" and provided defendants who were denied an appeal of right due to ineffective assistance of counsel a mechanism to "restart[] the time in which to file an appeal of right." MCR 6.428, as adopted July 13, 2005, effective January 1, 2006, 473 Mich xlii, lxx (2015). As the former version of MCR 6.428 applied only to appeals of right, defendants convicted by pleading guilty or no contest (as defendant did here) could not benefit from the rule. *Tardy*, 348 Mich App at 509. MCR 6.428 was amended and retitled "Restoration of Appellate Rights," effective January 1, 2021. *Id.* The amended version, which now applies to plea-based as well as trial-based convictions, provides:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel. [MCR 6.428.]

The parties to this appeal dispute whether the amended version of MCR 6.428 applies to defendant's motion. While the default rule is to apply newly adopted court rules to pending actions, a trial court may apply the former rule if applying the current rule would be infeasible or "would work injustice." MCR 1.102; *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App

---

[3] Defendant's application for leave to appeal only addressed the trial court's March 11, 2024 order, not the March 18, 2024 order.

332, 337; 602 NW2d 596 (1999). Defendant was sentenced following a no-contest plea in 2016, five years before the court rule amendment, but he argues that he is entitled to retroactive application of the revised rule, as his circumstances are analogous to two defendants who were given the benefit of the rule, despite alleged errors occurring well before the rule amendment. See *Tardy*, 348 Mich App at 512-514 (convicted by plea); *Byars*, 346 Mich App at 566-567 (convicted by trial). In opposition, the prosecution argues that *Tardy* and *Byars* are distinguishable and that application of the rule to this case "would 'work injustice' under MCR 1.102." *Reitmeyer*, 237 Mich App at 336.

A trial court's decision under MCR 1.102 concerning whether to apply a former court rule is one we review for abuse of discretion. *Webster v Osguthorpe*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 166627, 166628); slip op at 6. In this case, however, the trial court did not specify whether—and why—it was applying the amended version of MCR 6.428 or the previous version, so we are unable to determine whether that choice "fell outside the range of reasonable and principled outcomes." *Id*. at 6. On remand, the trial court must specify whether it is applying the amended version of MCR 6.428 and provide its rationale.

The parties also dispute the merits of defendant's motion, assuming that the amended version of MCR 6.428 applies. That is, the parties dispute whether defendant was, in fact, "denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control." MCR 6.428. Although the trial court denied defendant's previous motions when it perceived them to be based on defendant's assertion that he never *received* the form necessary to request appointment of appellate counsel, defendant's March 19, 2024 letter to the trial court—which was sworn and notarized—stated: "I distinctly recall signing the appeal and appointment of counsel forms at sentencing and giving them to my lawyer and he was to submit them to the court . . . ." Thus, there appears to be record evidence to support defendant's February 26, 2024 motion that distinguishes it from the motions that the trial court had previously denied. On remand, the trial court must consider all record evidence and articulate its reasoning for the disposition of the motion.

When we review a trial court's ruling for abuse of discretion, it must contain sufficient reasoning to facilitate appellate review. See *People v Boykin*, 510 Mich 171, 192; 987 NW2d (2022). Because in this case the trial court did not articulate any reasoning for its decision, we cannot review the merits of defendant's appeal. Consequently, we vacate the trial court's March 11, 2024 order and remand for reconsideration of defendant's motion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Anica Letica
/s/ Daniel S. Korobkin

-5-